```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
               3:07CV6-MU-02
```

```
BILLY R. HOWIE,            )
     Plaintiff,            )
                           )
        v.                 )         ORDER
                           )
CHIEF BOBBY HAWK;          )
MONROE POLICE DEPARTMENT;  )
OFFICER DAVID McALLISTER;  )
   and                     )
OFFICER RONNIE PIERCE,     )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983;, and on his "Application To Proceed Without Prepayment Of Fees . . . ," both filed January 4, 2007. After careful consideration, for the reasons stated herein, the plaintiff's ifp Application will be granted, but his Complaint will be dismissed in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint,[1] on June 18, 2000, defendant Officers David McAllister and Rodney Peirce responded to a call at the Economy Inn on U.S. Highway 74 in Monroe, North Carolina. Upon arriving at the Hotel, the Officers found a mother and her

---

[1] The Court's factual recitation is based on the specific facts alleged by the plaintiff in his Complaint and its attachment, i.e., the Court's Order addressing the plaintiff's Petition for Writ of Habeas Corpus in 3:04CV471.

daughter (identified as Julie Drake) having a dispute about Drake's unauthorized use of her mother's vehicle. Once that conversation ended, the defendant Officers escorted Drake upstairs to room 54 in order to continue their conversation. Room 54, however, was occupied by the plaintiff.

Once the defendant Officers encountered the plaintiff, either he or Julie Drake permitted them to enter the room. At that point, the plaintiff, Drake and defendant McAllister sat and began to talk in the front part of the room, while defendant Pierce walked to the back of the room and conducted a search for weapons. During that search, Pierce looked into an opening on the sink and discovered one small plastic bag with two smaller bags inside. Such smaller bags contained powder and crack cocaine.

After finding the substances, the defendant Officers advised the plaintiff of his <u>Miranda</u> rights, and then took a statement from him. In his statement, the plaintiff claimed ownership of the drugs. The defendant Officers then arrested the plaintiff, and conducted a full search of the motel room. At that time, the defendant Officers found a crack pipe, a partially smoked marijuana cigarette, and a package of cigarette rolling papers. The plaintiff was taken to jail.

Ultimately, the plaintiff was charged with and convicted of Felonious Possession of Cocaine and being an Habitual Felon. The

plaintiff then was sentenced to a term of 100 to 129 months imprisonment. The plaintiff's convictions and sentence were affirmed on direct appeal throughout the North Carolina courts. Similarly, the plaintiff's collateral challenges were rejected by the North Carolina Courts.

However, on September 9, 2004, the plaintiff filed a Petition for Writ of <u>Habeas Corpus</u> in this Court, and on November 9, 2006 that Petition was granted. More particularly, the plaintiff's <u>Habeas</u> Petition was granted on the sole ground that trial counsel had been ineffective in failing to formally move to suppress the drugs which were seized from the plaintiff's motel room. Accordingly, the Court directed the State of North Carolina either to retry the plaintiff without the subject evidence or to release him from custody. The State chose the latter option, released the plaintiff from custody, and dismissed all charges against him.

Now, obviously buoyed up by his recent success, the plaintiff has returned to this Court with the instant civil rights Complaint. By this action, the plaintiff asks the Court for millions in compensatory and punitive damages, and for declaratory relief against the defendants. In addition to alleging that his Fourth and Eight Amendment rights were violated, the plaintiff also claims that the defendants assaulted and battered him in violation of North Carolina law. Notwithstanding his strong

beliefs to the contrary, however, it is quite apparent to the Court that the plaintiff cannot prevail in this action.

## II. ANALYSIS

First, it has not escaped the Court's attention that the plaintiff has named the Chief of the Monroe Police Department as a defendant to this action. However, the law is clear that a suit against a sheriff in his individual capacity is a claim based upon supervisory liability. Kentucky v. Graham, 473 U.S. 159 (1985). Moreover, supervisory liability may only be imposed when a supervisor is deliberately indifferent to or acquiesces in a subordinate's conduct, and such conduct poses a pervasive and unreasonable risk of constitutional violations to others. Rizzo v. Goode, 423 U.S. 362 (1976); Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied sub nom., Reed v. Slakan, 470 U.S. 1035 (1985). To be a pervasive and unreasonable risk, such conduct must be widespread, or at least has been used on several different occasions. Slakan, 737 F.2d at 373-74.

Here, it is without question that the plaintiff enjoys a constitutional right to be free from unlawful searches and seizures. It is also without question, however, that the plaintiff has failed to allege a single fact to establish the existence of a pervasive and unreasonable risk of which defendant Hawk was or should have been aware.

Furthermore, to the extent that defendant Hawk also is named

4

in his official capacity, the plaintiff cannot prevail against him because he has not set forth a single allegation which could establish that his rights were violated pursuant to some governmental policy or custom.  See Monell v. Dep't of Social Servs., 436 U.S. 658,690-91 (1978).  Nor is there an allegation that there were persistent, widespread unconstitutional acts for which Hawk could be liable.  To put it simply, the plaintiff has failed to state a claim for relief against defendant Hawk; therefore, this Complaint must be dismissed as against that defendant.

Similarly, the plaintiff has named the Monroe Police Department as a defendant to this action.  As with defendant Hawk, the plaintiff has not set forth a single allegation to establish that the City of Monroe's policies caused a violation of his constitutional rights.  McMillian v. Monroe County, 520 U.,S. 781,784 (1997).  Thus, the plaintiff's Complaint also must be dismissed as against the Monroe Police Department.

With regard to defendants Pierce and McAllister, as has been noted, the plaintiff clearly is entitled to be free of unlawful searches and seizures.  However, because the undersigned finds that the Officers reasonably believed--albeit erroneously--that they were entitled to search the plaintiff's room, they are entitled to qualified immunity from this action for damages.

To be sure, the doctrine of qualified immunity should be applied where, like here, a reasonable person in the Officers'

position would have known that his or her actions violated the plaintiff's constitutional rights. Smith v. Reddy, 101 F.3d 351, 355 (4th Cir. 1995). Here, it stands to reason that if numerous State courts reviewed the conduct of the Officers and did not find it to be unconstitutional, the Officers clearly could have reasonably believed that their conduct was lawful. Consequently, the plaintiff also cannot prevail on either his Fourth or Eighth Amendment claims against the defendant Officers.

In addition, inasmuch as the plaintiff's federal claims must be dismissed, this Court will decline to exercise its jurisdiction over the plaintiff's State law claims of assault and battery. Instead, those issues will be dismissed without prejudice.

Finally, the plaintiff has filed an ifp Application in order to proceed with this action without prepayment of the applicable filing fees. According to his Application, the plaintiff, has not been employed since July 2001; he does not have any money in any bank accounts; and he does not receive any financial support from friends, family or any other source. Thus, his ifp Application must be granted.

### III. CONCLUSION

The plaintiff has failed to state a federal claim for relief against any of the defendants. Accordingly, the plaintiff's federal claims will be dismissed with prejudice. On the other

6

hand, the plaintiff's pendent State law claims will be <u>dismissed</u> without prejudice.

### IV. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. That the plaintiff's ifp Application is **GRANTED;**

2. That the plaintiff's allegations that the defendants violated his Fourth and Eighth Amendment rights are **DISMISSED** with prejudice for his failure to state a constitutional claim for relief . <u>See</u> 28 U.S.C. 1915A(b)(1).

3. That the plaintiff's pendent State law claims of assault and battery also are **DISMISSED,** but without prejudice to the plaintiff's right to bring those claims in the appropriate North Carolina court.

**SO ORDERED.**

Signed: February 22, 2007

Graham C. Mullen
United States District Judge